Filed 2/5/25  P. v. Mauricio CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B340420 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA088962) |
| v. | |
| MICHAEL ANGELO MAURICIO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles, Teresa P. Magno, Judge.  Reversed.

Bess Stiffelman, under appointment by the Court of Appeal for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Thomas C. Hsieh, Deputy Attorneys General for Plaintiff and Respondent.

———————————

In 2010, a jury convicted appellant Michael Mauricio of three counts of first degree murder with special circumstance, gang, and firearm discharge findings.  The trial court sentenced Mauricio to three consecutive terms of life without the possibility of parole (LWOP) plus three terms of 25 years to life for the firearm findings.  In 2015, Mauricio was resentenced to a total state prison term of 150 years to life.  Mauricio was a minor when he committed the offenses of conviction.

On June 29, 2023, Mauricio filed a petition for recall and resentencing pursuant to Penal Code[1] section 1170, subdivision (d)(1)(A).  He contended that because he had been resentenced as a minor to the functional equivalent of a life sentence without the possibility of parole, he was entitled to recall and resentencing.  The trial court appointed counsel to represent Mauricio, conducted a hearing on August 9, 2024, and denied the petition.  It found Mauricio was ineligible for relief because he was not currently sentenced to LWOP.  This appeal followed.[2]

## DISCUSSION

Section 1170, subdivision (d)(1)(A), enacted in 2012, and renumbered in 2021, permits a defendant serving an LWOP sentence to file a petition seeking recall and resentencing if the defendant was under the age of 18 at the time of the commission of the offense, has served at least 15 years before petitioning for

---

[1]     Undesignated statutory citations are to the Penal Code.

[2]     The facts of the offenses are not relevant to this decision. They are set out in *People v. Mauricio* (May 30, 2013, B224505) [nonpub. opn.].

2

resentencing, and the victim was not a public safety official. (*In re Kirchner* (2017) 2 Cal.5th 1040, 1049–1050.)

In *People v. Heard* (2022) 83 Cal.App.5th 608, 628–629, the court held that section 1170, subdivision (d)(1) applies to juveniles with "de facto" LWOP sentences. (See also *People v. Sorto* (2024) 104 Cal.App.5th 435, 444–445 [same]; *People v. Bagsby* (2024) 106 Cal.App.5th 1040, 1057 [same].) In *People v. Contreras* (2018) 4 Cal.5th 349, 369, the California Supreme Court held that a sentence of 50 years to life is the functional equivalent of an LWOP term.

Here, Mauricio received a sentence of 150 years to life. As he argues and as the People concede, we agree he is entitled to resentencing relief under section 1170, subdivision (d)(1).

## DISPOSITION

The order denying the section 1170, subdivision (d)(1) recall and resentencing petition is reversed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

GRIMES, J.                    WILEY, J.

3